Caruthers, J.,
delivered the opinion of the Court.
The defendants in error, being minors, brought this action of ejectment by their guardian, Noel Seals, in the *691 Circuit Court of Claiborne, for ■ the recovery of two tracts of land, described in the declaration. They succeeded for part of the land claimed. The verdict is, “for the plaintiffs as tenants in common, a title in fee simple to the fourteen acres in dispute, described in the second count of the declaration, lying in the Moore deed; also all the lands described in the deed from Samuel Moore, to William Savage, mentioned in the second count in the declaration.” The famous act of 1852, ch. 152, provides that if the right of the plaintiff to only a part of the land .claimed in the action, is proved, “ the verdict shall specify such part, describing the same so that possession can be delivered, and a writ of possession be issued.”
We gave a construction of this part of the statute, at the last term here, in the case of Loard vs. Phillips, reported in 4 Sneed, 566. We say, it requires, where the verdict is only for a part of the land, that “ it must be described by metes and hounds, a reference to the lines of other tracts, or natural or artificial objects and further, that “if the evidence is not sufficient to enable the jury to give such description, the cause ought to be delayed until, by proper surveys or additional proof, this can be done.” It is enough to say now, that we are not disposed to relax the rules, or change the construction of the act, settled in that case. Additional reflection and reconsideration has only confirmed and strengthened the opinion we then entertained.
The statement of the verdict in the. case under consideration, is enough to show that it is bad under that decision. This error would reverse the judgment. But *692 the record presents some other questions, which it is important to decide, as the case will go back for another trial.
1. A copy of a deed from "William Savage to Franklin Brogan, for 15 acres of the land, was offered in evidence by the defendant, and the same was objected to by the plaintiff’s counsel, “on the ground that the clerk’s certificate did not show that' the attesting witnesses to said deed proved they were acquainted with the bargainor.” The Court sustained the objection, and excluded the deed. In this, there was no error. Peyton vs. Peacock, 1 Humph., 135; Garrett vs. Stockton, 7 Humph., 85. The wisdom of this requirement of the registration acts is palpable, and it is indispensable to prevent fraud and imposition. But it is positive law, and cannot be disregarded. The objection is fatal; the register had no authority to place the deed upon his books upon this probate, and, consequently, his certified copy could not be evidence.
The defendant then proposed to prove it, in common law form, by asking the witnesses if they heard the maker acknowledge the original deed. This was refused, because the deed was not produced, but only the pretended copy, which was established alone by the unauthorized certificate, as above stated. This was also right.
But the case presents another question, of more general interest and novelty. The Judge of the Circuit was incompetent to try the case, as he had been of counsel in it, while at the bar, and the counsel agreed in writing, that F. M. Fulkerson, an attorney of that Court, *693 should preside on tbe trial. This is authorized by the act of 1858, ch. 90, which is in these words :
“ That in any ease wherein the Chancellor or Circuit Judge may be incompetent, then it shall and may be lawful for the parties to agree in writing, which shall be entered upon the minutes of- the Court, that any attorney of the Court shall act as Judge or Chancellor, which shall be as binding as if. the judicial acts were done by the regular Judge or Chancellor.”
It is argued that this act is- unconstitutional, because a Judge cannot be appointed, but in the mode therein prescribed; that it is in contravention of this provision for the parties to make a Judge by agreement.
But this act does not authorize the parties to make a Judge, but only a person “to act as Judge,” in their particular case, in which the Judge of the Circuit is incompetent. If the provision had been, that in such cases the parties . might, by agreement, select some attorney to decide their dispute, or to preside over twelve other men, who should decide upon the facts, under his instructions as to the law, could there be any objection? Can it make any difference in the case, whether he is denominated umpire,- arbitrator, or Judge? But if there was any thing in the name, he is not so entitled in the law, but only that' he is to “ act as Judge.” That is, the powers that a Judge would have and exercise in the particular case, are conferred, by agreement of the parties, upon the person thus selected. It can make no difference, that -the regular machinery of the Court is to be used in the case, under the direction of such person. It is all by agreement; there is no compulsion. It is confined to a special case, in *694 which the regular Judge cannot legally preside. It cannot- affect the question, that the case is to be tried and decided in the court house, in term time, with a jury, and a clerk, and sheriff. ' He is not a Judge, nor are gentlemen appointed to fill the place of one or more of the members of this Court, who are incompetent, Judges; but they are, by the law, clothed with the same powers, for the particular cases. They áre to ‘ ‘ act as Judgesthey are to have the power and authority of Judges in the cases to be tried before them.
Under "this act, the plain and - easy mode of correcting errors, may be resorted to, which applies to ordinary cases. In this, it is better for the parties than arbitrations.
The case of Smith vs. Norment, 5 Yerg., 271, is very different from this. There the act of 1827, ch. 87, was declared unconstitutional. That act gave the Governor power to appoint a special Judge to exercise all the powers of a Circuit Judge, in case of his sickness, until he should recover and resume his functions. Even in that case, Judge Green dissented, and held the act to be constitutional. Yet we hold the case to be authority, and still, it does not control this case; they are entirely dissimilar.
The selection of the attorney to preside in this case, was made by the attorneys of the parties, or at least the written agreement is signed by them. We see no objection to this. They were employed to conduct the suit, and might well be considered better judges than their clients, of the qualifications of lawyers.
We do not perceive that the evil consequences to the judiciary, depicted in argument, will arise from this *695 act. But whether such may be the case or not, believing the act to be within .the legislative power, we are bound to give it effect. The act is confined to cases where the regular Judge is incompetent, and to that we limit our opinion. But a new trial.must be granted, on the first ground.